## IN THE UNITED STATES DISTRICT OF TEXAS
## SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | |
|---|---|
| CATALINA ZUNIGA HERRERA, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF JORGE ALEJANDRO ZUNIGA GONZALEZ DECEASED AND JOHANA ACUNA ACOSTA, INDVIDUALLY AND AS NEXT FRIEND FOR JASON ALEJANDRO GONZALEZ, *a minor*, *Plaintiffs,* § § § § § § § § § § § § | CIVIL ACTION NO. 7:20-cv-257  JURY TRIAL REQUESTED |
| VS. § § | |
| STEVEN FARIAS, MARCO GUERRERO, JORGE CABRERA AND JULIO TREVINO § § § | |
| *Defendants*. | |

### PLAINTIFFS' SUR-REPLY TO DEFENDANT JULIO TREVINO'S 12(B)(6) MOTION FOR PARTIAL DISMISSAL, ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE RICARDO H. HINOJOSA:**

**NOW COME** Plaintiffs, *Catalina Zuniga Herrera*, *Individually and as Representative of the Estate of Jorge Alejandro Zuniga Gonzalez deceased, and Johana Acuna Acosta individually and as next friend for Jason Alejandro Gonzalez,*, and files this Sur-Reply to Defendant Julio Trevino's 12(B)(6) Motion for Partial Dismissal, Alternatively, Motion for Partial Summary Judgment, and would respectfully show the Court the following:

1

EXHIBIT A

## I.

In his reply Movant argues that Catalina Zuniga Herrera's claim for the wrongful death of her adult child, Jorge Zuniga, is not allowed under §1983. This is wrong and cannot go unanswered. Ms. Herrera is bringing her claim pursuant to 42 USC § 1983 and she has the right to recover the damages allowed by that statute. Her standing to bring the suit is established through 42 USC § 1988 and it is established that by applying state law to the standing issue she has the right to bring this suit.

"Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. 42 U.S.C. § 1988(a)" *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). In *Rhyne v. Henderson City*, 973 F.2d 386 (5th Cir. 1992), the Circuit Court found that a parent had standing under the Texas Wrongful death and survival statutes. The *Rhyne* Court analyzed its past decisions in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) and *Brazier v. Cherry*, 293 F.2d 401, (5th Cir. 1961), where in both cases the Plaintiffs were able to recover for a wrongful death of a loved one. The *Rhyne* Court noted that in both cases the applicable state law was incorporated into the Civil Rights Suit. More specifically, the *Brazier* Court "held that both wrongful death and survival statutes were incorporated into federal law under § 1988." *Rhyne*, 973 F.2d at 390. Similarly, the *Grandstaff* Court, in reaching its result, simply stated that they "look to Texas law for guidance on the damages recoverable for [plaintiff's son's] death." *Id.* at 390-391. Correspondingly, by using the same application, the *Rhyne* Court held that "[plaintiff] has standing to recover for her own injuries arising out of the wrongful death of her son. There is no dispute that [plaintiff] is within the class of people entitled to recover under Texas law." *Id.* at 391. In addition, the Fifth Circuit Court affirmed its *Rhyne* decision in *Pluet v. Frasier*, 355 F.3d

381, (5th Cir. 2004). Here, the Circuit Court asserted that "a party must have standing under the state wrongful death or survival statutes to bring a claim under . . . 42 U.S.C. § 1983." *Id.* at 383.

Movant is confusing standing to bring the suit with the damages that are allowed in that suit. Clearly it has been established that as his mother Ms. Herrera has standing to bring the suit pursuant to Texas law. The damages that she may recover are those allowed under 42 USC § 1983 and Texas law is not necessary to fill this gap. Thus, punitive damages are recoverable by her and the Texas Constitutional provision would not defeat this recovery.

## II.
## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that this Honorable Court deny Defendant's 12(B)(6) Motion to Dismiss, Alternatively, Motion for Partial Summary Judgment and allow Plaintiffs' claims to be heard and decided by the trier of fact and for any and all other relief, in both law and equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BY:_____
   Robert P. Wilson
   State Bar No.: 21718575
   THE LAW OFFICES OF THOMAS J. HENRY
   521 Starr Street
   Corpus Christi, Texas 78401
   Telephone:  (361) 985-0600
   Facsimile:  (361) 985-0601

   **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record on this the 5th day of January, 2021 via ECF electronic notice in compliance with Rule 5 of the Federal Rules of Civil Procedure and paragraph 9 of the Southern District of Texas's Administrative Procedures for Electronic Filing in Civil and Criminal Cases by notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure.

David Willis
DAVID WILLIS, PC
1534 E. 6th Street, Suite 201
Brownsville, Texas 78520
**ATTORNEY FOR DEPUTY STEVEN FARIAS**

Marissa Carranza Hernandez
MARISSA ANNA CARRANZA HERNANDEZ,
ATTORNEY AT LAW, PLLC
104 West Polk Avenue
Pharr, TX 78577
Telephone: (956) 386-9733
marissa@machattorney.com **&** sylvia@machattorney.com
**ATTORNEY FOR DEFENDANT MARCO GUERRERO**

Michael McGurk
Walsh McGurk Cordova Nixon, PLLC
1506 S. Lone Star Way, Ste. 10
Edinburg, Texas 78539
mmcgurk@wmcnlaw.com
Telephone: (956) 632-5030
**ATTORNEY FOR JULIO TREVINO**

Raymond L. Thomas
rthomas@raythomaspc.com
Olegario Garcia
ogarcia@raythomaspc.com
RAY THOMAS, PC
4900-B North 10th Street
McAllen, Texas 78504
**ATTORNEY FOR JORGE CABRERA**

                                                                                          _____
                                                                                          ROBERT P. WILSON