**IN THE UNITED STATES DISTRICT OF TEXAS**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | |
|---|---|
| CATALINA ZUNIGA HERRERA, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF JORGE ALEJANDRO GONZALEZ ZUNIGA DECEASED AND JOHANA ACUNA ACOSTA, INDVIDUALLY AND AS NEXT FRIEND FOR J.A.G., *a minor*, Plaintiffs, | § § § § CIVIL ACTION NO. 7:20-CV-257 § JURY TRIAL REQUESTED § § § § § |
| VS. | § § |
| STEVEN FARIAS, MARCO GUERRERO, JOHN DOE 1, JOHN DOE 2, Defendants. | § § § § |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COME** Plaintiffs, *Catalina Zuniga Herrera*, *Individually and as Representative of the Estate of Jorge Alejandro Gonzalez Zuniga deceased, and Johana Acuna Acosta individually and as next friend for J.A.G.,* and presents this their *Plaintiffs' Original Complaint,* bringing this action against County Sheriffs' Deputies Steven Farias, Deputy Marco Guerrero, Deputy John Doe 1 and Deputy John Doe 2, *Individually*, complaining that said Defendants, jointly and severally, denied Plaintiff Jorge Alejandro Gonzalez Zuniga his rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas, and said

1

violations led to his horrific injuries and ultimately his death. In support thereof, Plaintiffs would respectfully show the following:

## I.
## JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C. § 1983 and this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights). Venue is proper in the Southern District of Texas, McAllen Division, as this is the district where the claim arose in accordance with 29 U.S.C. § 1391(b). Plaintiff Catalina Zuniga Herrera brings this action individually as the decedent's mother and on his behalf as the representative of the estate of Jorge Zuniga, entitled to recover damages arising from decedent's wrongful death pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.000 et seq. and as applied through 42 U.S.C. § 1983. Plaintiff Johana Acuna Acosta brings this action as the wife of Jorge Zuniga and the mother and next friend of Jorge Zuniga's child J.A.G. both of whom are entitled to recover damages arising from decedent's wrongful death pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.000 et seq. and as applied through 42 U.S.C. § 1983 .

This action is brought due to the brutal, unreasonable and excessive force applied to Mr. Zuniga during his arrest on April 12, 2020 at the hands of Hidalgo County Sheriffs' deputies which resulted in him suffering a crushed vertebrae in his neck. Then, despite the obvious nature of his injuries, due to the deliberate indifference of the personnel at the Hidalgo County Adult Detention Center, they failed to address his health care needs and to provide him the care he was entitled to under the US Constitution. The end result was Mr. Zuniga was rendered a quadriplegic unable to move his arms or his legs. He was in this state until his injuries overcame him and he died three months later on July 15, 2020.

## II.
## PARTIES

1. Plaintiff Catalina Zuniga Herrera was the mother of Jorge Zuniga and is a resident of Hidalgo County, Texas. She is suing in her individual capacity and as the representative of his estate.

2. The Plaintiff and now deceased Jorge Zuniga was a resident of Hidalgo County, Texas.

3. The Plaintiff Johana Acosta is the wife of Jorge Zuniga and the parent of J.A.G. and is a resident of Hidalgo County. She is suing in her individual capacity and as the next friend of J.A.G.

4. The minor child J.A.G. is the child of Jorge Zuniga and is a resident of Hidalgo County.

5. Defendant, Deputy Steven Farias, is an individual residing in Hidalgo County, Texas and may be served with citation at his place of employment 711 El Cibolo Road, Edinburg, Tx. 78514.

6. Defendant, Deputy John Doe 1, is an individual residing in Hidalgo County, Texas and may be served with citation at his place of employment 711 El Cibolo Road, Edinburg, Tx. 78514 .

7. Defendant, Deputy John Doe 2, is an individual residing in Hidalgo County, Texas and may be served with citation at his place of employment 711 El Cibolo Road, Edinburg, Tx. 78514.

8. Defendant, Deputy Marco Guerrero, is an individual residing in Hidalgo County, Texas and may be served with citation at his place of employment 711 El Cibolo Road,

Edinburg, Tx. 78514.

## III.
## STATEMENT OF FACTS

11.     In the Spring of 2020, Jorge Zuniga was a twenty-two (22) year old husband and the father of a one year old child. On April 11, 2020 Mr. Zuniga was at a friend's house in a trailer park celebrating Easter with a barbeque. Mr. Zuniga stayed at his friend's house until the early morning hours of April 12, 2020.

12.     At some point during the evening some women, unrelated to Mr. Zuniga and not part of the party he was attending, but who lived in another part of the trailer park, got into an altercation. Neither Mr. Zuniga nor anyone at his barbeque were involved in this altercation.

13.     The Sheriff's Department was called to address this unrelated altercation and three Sheriff's deputies from the Hidalgo County Sheriff's Department arrived. One of these officers was Deputy Steven Farias. The other two are not yet identified but are named herein as John Doe 1 and John Doe 2.

14.     When the Sheriff's deputies arrived, Mr. Zuniga was asleep in the yard of his friend's house. The deputies approached Mr. Zuniga and when they discovered he lived elsewhere they told him to go home.

15.     Mr. Zuniga followed their commands and started to go home when the officers decided to arrest him for violating the emergency management order and public intoxication; two minor, non-violent misdemeanors. These charges were ultimately dropped and dismissed.

16.     During the course of the arrest the deputies tackled and assaulted Mr. Zuniga. He was tazed multiple times, pushed to the ground, had his neck crushed, was handcuffed and placed in ankle restraints. At one point he was intentionally tripped and when he would not get

4

up while still fully shackled, he was tazed. Ultimately, he was placed in the patrol car and transported directly to the Hidalgo County Adult Detention Center.

17. The arrest took place on April 12, 2020 at 2:15 am. Although three Deputies including Deputy Farias, Deputy John Doe 1 and Deputy John Doe 2 were all involved in the arrest itself, the documentation reflects the arresting officer as Deputy Steven Farias.

18. Mr. Zuniga was transported directly to the detention center and he was not given a medical evaluation to determine the extent of his injuries. A suicide evaluation of Mr. Zuniga took place on April 12, 2020 at 2:57 a.m. by Deputy Marco Guerrero. At no time does he make reference to or acknowledge the obvious injuries suffered by Mr. Zuniga.

19. Mr. Zuniga was booked into the detention center on April 12 at 3:07 a.m. At no time prior to this booking was he adequately evaluated by proper medical personnel. Below are the photos taken at the time of the booking:



5



20. At the time Mr. Zuniga's mug shot was taken, which was prior to him being placed in his cell, he is unable to hold his head up and has to be assisted by the deputies. Despite the obvious injuries, including a large swollen neck, cuts and contusions, the jail officials acted with deliberate indifference and at no time sent Mr. Zuniga for medical evaluation or treatment. Instead, he was thrown into the "drunk tank" and left alone.

21. Mr. Zuniga was left in his cell for over twenty-one (21) hours without any medical attention.

22. Finally, at or near 12:11 am on April 13, 2020, some twenty-two (22) hours after his arrest and twenty-one (21) hours after his booking, someone at the jail checked on him. He was found to be non-responsive.

23. On April 13, 2020 at 12:11 a.m. the jail **FINALLY** called EMS to transport him to the hospital and get the medical care he had desperately needed but which was denied due to the absolute deliberate and unconscionable indifference of the deputies and the jail staff.

6

24. When the EMS personnel arrived, Mr. Zuniga was found to have a hyperextended neck, a swollen neck, he was hypothermic, bradycardic and suffering other obvious injuries.

25. At the hospital, (first the McAllen Heart Hospital and then the McAllen Medical Center), Mr. Zuniga was found to have hematomas on his left eye, right chest, upper arm and nose; he had a laceration on his left finger; he had a deformity of his right elbow; he had a deformity of his neck; he complained of neck pain; he was bradycardic and he was hypothermic (his temperature was 82.4 degrees). He was diagnosed with a severe cervical fracture, a swollen spinal cord and was a quadriplegic.

26. Specifically, he was found to have: Rhabdomyolsis (breakdown of damaged skeletal muscle); a 9mm anterolisthesis at C5-C6 in his neck (meaning his two vertebrae have been pushed over each other); bilateral jumped facet bones in his neck; bilateral laminar fractures in his neck and paralysis from his neck down.

27. Mr. Zuniga was hospitalized until June 5, 2020. During the course of his hospital stay he underwent multiple surgeries and due to his paralysis he was on a ventilator to enable him to breathe.

28. Mr. Zuniga underwent two cervical surgeries where plates and screws were placed in his neck in an attempt to stabilize his spine. During the course of these surgeries his neck injuries were described as: a contusion from his skin to his spinal cord; severe spinal cord compression; marked swelling of his spinal cord; a partial tear of his dura (the membrane surrounding the spinal cord); a completely dislocated and broken up vertebrae; broken facet bones and broken laminar bones.

29. When Mr. Zuniga was released from the hospital he was on a ventilator and was completely paralyzed from his chest down. His family was forced to take care of his every need.



30.     During the following weeks Mr. Zuniga suffered multiple complications arising from his injuries. He was hospitalized or sent to the emergency room on multiple occasions. Ultimately, on or about July 8, 2020, Mr. Zuniga suffered a heart attack and died on July 15, 2020. Mr. Zuniga's death was the direct consequences of the injuries and the lack of medical care by these Defendants.

**IV.**
**CLAIMS FOR RELIEF**

**COUNT I**

**42 U.S.C.S. § 1983**
**Fourth Amendment**

31.     The allegations contained in Paragraphs 12 through 30 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

32. The Civil Rights Act of 1871, now codified as 42 U.S.C.S. § 1983 as federal law, provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

33. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. When committing said acts and/or omissions, Defendants Hidalgo County Sheriff Deputies were acting under color of state law within their employment with Hidalgo County, Texas and/or Hidalgo County Sheriff's Office.

34. Defendants Farias, John Doe 1 and John Doe 2, acting under color of state law, violated decedent Jorge Zuniga's Fourth Amendment rights. The rights, privileges, and immunities secured by the Fourth Amendment of the Constitution, and incorporated and applied to the states through the Fourteenth Amendment, include the right to be free from an unreasonable seizure. These rights were violated when the Defendant Deputies used excessive force as described herein. Despite Mr. Zuniga posing no risk of harm to himself or others, they initiated an arrest, and in the course of that arrest, used tasers and physical violence sufficient to crush his neck rendering him paralyzed. There was no need to use force, yet, these officers collectively either directed that it be used or participated in it. Thereafter, these Deputy Defendants exhibited deliberate indifference and failed to assure that Mr. Zuniga was given proper medical care to Jorge Zuniga while he was in their custody. Despite his obvious need for medical attention and distress and despite their knowledge of the force they used which created

obvious injuries giving rise to a substantial risk of serious harm, these Deputies failed to provide any medical aid, failed to take him to be medically evaluated and instead simply took him to jail. Their failures amount to a deliberate indifference to provide the required care.

35. Further, the actions of the jail staff, including Defendant Marco Guerrero, violated the rights of Mr. Zuniga under the Fourth Amendment. They failed to have him medically evaluated upon his booking. They conducted a suicide evaluation and yet ignored his obvious physical injuries and the substantial risk of harm arising from those injuries. They held his head up during his booking and photographed his obvious injuries but failed to provide him with any medical attention. They threw him into a cell and left him without any care or medical evaluation for twenty-one (21) plus hours while his condition worsened. On multiple and repeated instances, despite their knowledge of a substantial risk of serious harm, they acted with a deliberate indifference to the urgent medical needs of Mr. Zuniga.

36. The Defendants acted willfully, deliberately, maliciously and/or with reckless disregard to Jorge Zuniga's Fourth Amendment rights which directly and proximately caused decedent's injuries, and ultimately his death and the Plaintiffs' damages.

## COUNT II
## 42 U.S.C.S. § 1983
## Fourteenth Amendment

37. The allegations contained in Paragraphs 12 through 30 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

38. The Civil Rights Act of 1871, now codified as 42 U.S.C.S. § 1983 as federal law, provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any

laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

39. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. When committing said acts and/or omissions, Defendant Deputies were acting under color of state law within their employment with Hidalgo County, Texas and/or Hidalgo County Sheriff's Office.

40. Defendants, acting under color of state law, violated decedent Jorge Zuniga's Fourteenth Amendment rights. At the time of the use of excessive force and his injuries, Mr. Zuniga was not convicted, but was under the control and custody of the Hidalgo County Sheriff's office and these deputies. He had been handcuffed and shackled and placed in a patrol car against his will and with no right to leave. The rights, privileges, and immunities secured by the Fourteenth Amendment of the Constitution, applying those rights to the states, prohibit excessive force and require them to provide adequate medical care to individuals which are in custody of a governmental entity. The acts, omissions and continued course of conduct set forth above, describing how Jorge Zuniga was denied adequate medical health care, are reiterated and incorporated here by reference. These rights were violated when the Defendant Deputies Farias, John Doe 1 and John Doe 2 used excessive force, namely, excessive tazing and physical violence on Jorge Zuniga. Additionally, Defendant Deputies Farias, John Doe 1, John Doe 2 and Defendant Guerrero showed deliberate indifference to his medical needs and failed to render proper medical care to Jorge Zuniga while he was in their custody despite their knowledge of the substantial risk of harm due to his obvious injuries, which ultimately led to his paralysis and death. In this regard the Plaintiffs would specifically allege that these Deputy Defendants had

11

subjective knowledge of the serious medical needs of the Plaintiff and the distress he was under; they understood the harm that would come to Mr. Zuniga if they failed to address those needs and yet with this subjective understanding they intentionally brought him to the jail without seeing that he was medically evaluated, thus, failing to address those needs indicating that they were acting with deliberate indifference.

41. These Defendant Deputies had the duty to provide for Jorge Zuniga's serious medical needs, including the need for medical treatment after he was physically injured at their hands. This deliberate indifference continued when Mr. Zuniga was placed in the Adult Detention Center as described herein.

42. These Defendants ignored Mr. Zuniga's obvious distress and his medical needs. Defendants' conduct, in ignoring the substantial risk of harm arising from his obvious inuries as described herein, demonstrates a deliberate indifference for Jorge Zuniga and other custodial individuals and inmates, and is the kind of arbitrariness and abuse of power that constitutes a denial of the due process rights of Jorge Zuniga and other custodial individuals with serious health conditions. Defendants' deliberate and systematic denial of such serious and critical medical needs constitutes cruel and unusual punishment in violation of the Fourteenth Amendment of the Constitution of the United States.

## V.
## DAMAGES

43. The allegations contained in Paragraphs 12 through 30 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

44. Plaintiffs are statutory beneficiaries and/or a representative of the deceased Jorge Zuniga and bring this suit for damages suffered and sustained by the decedent, Jorge Zuniga,

pursuant to Sections 71.002 et seq. and 71.021 et seq. of the Texas Civil Practice and Remedies Code.

45. Plaintiffs seek damages for the following:

1) conscious pain, suffering and mental anguish that decedent suffered prior to his death;

2) reasonable and necessary medical expenses incurred as a result of Jorge Zuniga's injuries leading to his wrongful death;

3) reasonable and necessary funeral and burial expenses incurred as a result of Jorge Zuniga's wrongful death;

4) the past and future loss of support arising from the death of Jorge Zuniga;

5) loss of consortium;

6) loss of inheritance;

7) severe mental anguish that Plaintiffs have suffered and will, in reasonable probability, continue to suffer in the future; and

8) the past and future loss of companionship and society arising from the death of Jorge Zuniga.

46. In addition, Plaintiffs pray for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from §1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiffs allege and pray for punitive damages against the individual Defendants Hidalgo County Sheriff Deputies and other personnel named herein, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

47. Plaintiffs seek recovery for these actual damages and exemplary damages within the jurisdictional limits of the court.

## VI.
## ATTORNEYS FEES

48. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his or her attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

## VII.
## DEMAND FOR JURY TRIAL

49. Plaintiffs hereby make their demand for a jury trial and acknowledges herein the payment on this date of the required jury fee.

## VIII.
## PRAYER

WHEREFORE, premises considered, Plaintiffs hereby request and pray that Defendants be cited to appear and answer herein and that upon final hearing Plaintiffs have and recover from the Defendants their actual damages, exemplary damages, attorney's fees, prejudgment and post judgment interest as allowed by law, court costs and other and further relief to which Plaintiffs may show themselves to be justly entitled.

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: _____
Thomas J. Henry
SBN: 09484210

        Robert P. Wilson
        SBN: 21718575
        Rwilson-svc@thomasjhenrylaw.com
ATTORNEYS FOR PLAINTIFFS

*service by email to these addresses only