IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CATALINA ZUNIGA HERRERA, | § | |
| INDIVIDUALLY, DANIELLE SAENZ | § | |
| AS THE REPRESENTATIVE OF THE | § | |
| ESTATE OF JORGE ALEJANDRO | § | |
| ZUNIGA GONZALEZ DECEASED AND | § | |
| JOHANA ACUNA ACOSTA, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND FOR J.A.G., *a minor*, | § | |
| *Plaintiffs* | § | CIVIL ACTION NO. 7:20-cv-00257 |
| | § | |
| V. | § | |
| | § | |
| STEVEN FARIAS, MARCO | § | |
| GUERRERO, JORGE CABRERA AND | § | |
| JULIO TREVINO, | § | |
| *Defendants* | § | |
| | § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| JORGE LUIS GONZALEZ SOTO, | § | |
| INDIVIDUALLY AND AS THE | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JORGE ALEJANDRO ZUNIGA | § | |
| GONZALEZ DECEASED | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 7:21-cv-00133 |
| STEVEN FARIAS, MARCO | § | |
| GUERRERO, JOHN DOE I AND JOHN | § | |
| DOE II, | § | |
| *Defendants* | § | |

<u>**DEFENDANT HIDALGO COUNTY'S ORIGINAL ANSWER TO THE FOURTH
AMENDED COMPLAINT OF PLAINTIFFS CATALINA ZUNIGA HERRERA,
INDIVIDUALLY, DANIELLE SAENZ AS THE REPRESENTATIVE OF THE ESTATE
OF JORGE ALEJANDRO ZUNIGA GONZALEZ DECEASED AND JOHANA ACUNA
ACOSTA, INDIVIDUALLY AND AS NEXT FRIEND FOR J.A.G., *a minor***</u>



EXHIBIT
1

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES DEFENDANT HIDALGO COUNTY and files its Original Answer to the Fourth Amended Complaint of PLAINTIFFS CATALINA ZUNIGA HERRERA, INDIVIDUALLY, DANIELLE SAENZ AS THE REPRESENTATIVE OF THE ESTATE OF JORGE ALEJANDRO ZUNIGA GONZALEZ DECEASED AND JOHANA ACUNA ACOSTA, INDIVIDUALLY AND AS NEXT FRIEND FOR J.A.G.*, a minor*, and in support of same, would respectfully show as follows:

## 1.0 GENERAL DENIAL

1.1     Except to the extent expressly admitted herein, Defendant Hidalgo County denies each and every, all and singular, the material allegations contained in Plaintiffs' Fourth Amended Complaint and demands strict proof thereof, by a preponderance of the credible evidence.

## 2.0 JURISDICTION AND VENUE (Section I)

2.1     In response to the first sentence of the first paragraph in § I of Plaintiffs' Fourth Amended Complaint, it is admitted that the Court has subject matter jurisdiction pursuant to 42 U.S.C. §1983, 28 U.S.C. § 1331and 28 U.S.C. § 1343(a)(3).  Defendant Hidalgo County admits the venue allegations of Plaintiffs' Fourth Amended Complaint. Defendant Hidalgo County admits that Plaintiff Catalina Zuniga Herrera brings this action individually as the decedent's mother.  Defendant Hidalgo County denies that Plaintiff Catalina Zuniga Herrera is entitled to recover wrongful death damages herein. Defendant Hidalgo County denies that Plaintiff Danielle Saenz, on behalf of Jorge Gonzalez as the representative of the estate of Jorge Gonzalez is entitled to recover wrongful death damages herein.   Defendant Hidalgo County admits that Plaintiff Johana Acuna Acosta brings this action as the alleged wife of Jorge Gonzalez and the mother and next friend of J.A.G., who is alleged to be Jorge Gonzalez's child.  Defendant Hidalgo County

denies that Plaintiff Johana Acuna Acosta, in any capacity, is entitled to recover wrongful death damages herein. Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in the first paragraph in § I of Plaintiffs' Fourth Amended Complaint. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation Johana Acuna Acosta was the wife of Jorge Gonzalez, or that J.A.G. is the child of Jorge Gonzalez, so such allegations are denied.

2.2     In response to the second paragraph in § I of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies all allegations made against Hidalgo County Sheriff's Deputies and jail personnel, including Anita Mancha, LVN and Elda Rodriguez, LVN. Defendant Hidalgo County admits that Plaintiffs allege that Jorge Gonzalez was diagnosed with a crushed vertebra in his neck and was diagnosed with quadriplegia.  Defendant Hidalgo County admits that Plaintiffs allege that Jorge Gonzalez remained in a quadriplegic state until he died on July 15, 2020.  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that any alleged injuries were a cause of Jorge Gonzalez's death, therefore such allegation is denied. All remaining allegations in the second paragraph in § I of Plaintiffs' Fourth Amended Complaint are denied.

### 3.0 PARTIES (Section II)

3.1     In response to the allegations in ¶ 1 of Section II of Plaintiffs' Fourth Amended Complaint Defendant Hidalgo County admits that Catalina Zuniga Herrera was the mother of Jorge Gonzalez and that she is suing in her individual capacity.   Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Catalina Zuniga Herrera is a resident of Hidalgo County, therefore such allegation is denied.

3.2     In response to the allegations in ¶ 2 of Section II of Plaintiffs' Fourth Amended

Complaint, Defendant Hidalgo County admits that Danielle Saenz is suing as representative of the estate of Jorge Gonzalez. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Danielle Saenz is a resident of Hidalgo County, therefore such allegation is denied.

3.3     In response to the allegations in ¶ 3 of Section II of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez was a resident of Hidalgo County, Texas, therefore such allegation is denied.

3.4     In response to the allegations in ¶ 4 of Section II of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that Johana Acosta is the wife of Jorge Gonzalez and is the parent of J.A.G. and that she is a resident of Hidalgo County, therefore such allegations are denied. Defendant Hidalgo County admits that Johana Acosta is suing in her individual capacity and as the next friend of J.A.G.

3.5     In response to the allegations in ¶ 5 of Section II of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that J.A.G. is the child of Jorge Gonzalez, or that he resides in Hidalgo County therefore such allegations are denied.

3.6     Defendant Hidalgo County admits the allegations in ¶ 6 of Section II of Plaintiffs' Fourth Amended Complaint.

3.7     Defendant Hidalgo County admits the allegations in ¶ 7 of Section II of Plaintiffs' Fourth Amended Complaint.

3.8     Defendant Hidalgo County admits the allegations in ¶ 8 of Section II of Plaintiffs'

Fourth Amended Complaint.

3.9     Defendant Hidalgo County admits the allegations in ¶ 9 of Section II of Plaintiffs' Fourth Amended Complaint.

3.10    Defendant Hidalgo County admits the allegations in ¶ 10 of Section II of Plaintiffs' Fourth Amended Complaint.

3.11    Defendant Hidalgo County admits the allegations in ¶ 11 of Section II of Plaintiffs' Fourth Amended Complaint.

3.12    Defendant Hidalgo County admits the allegations in ¶ 12 of Section II of Plaintiffs' Fourth Amended Complaint.

## 4.0 STATEMENT OF FACTS (Section III)

4.1     In response to the allegations in ¶ 13 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Jorge Gonzalez was twenty-two years old in the spring of 2020. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that Jorge Gonzalez was a husband and was the father of a one-year-old child, therefore such allegations are denied. Defendant Hidalgo County admits that on April 11, 2020, Jorge Gonzalez was at a friend's house in a trailer park. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that Jorge Gonzalez was celebrating Easter with a barbecue, therefore such allegations are denied. Defendant Hidalgo County admits that Jorge Gonzalez remained in the trailer park until the early morning hours of April 12, 2020. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that Jorge Gonzalez "stayed at" his friend's house until the early morning hours of April 12, 2020, therefore such allegations are denied.

4.2     In response to the allegations in ¶ 14 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that during the evening/night of April 11th/April 12th there was an altercation involving some women.  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that the women were unrelated to Jorge Gonzalez and were not part of the drinking party he was attending, therefore such allegations are denied.  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that Jorge Gonzalez was not part of such altercation, therefore such allegation is denied.  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that no one attending the drinking party Jorge Gonzalez was attending was involved in the altercation between the women, therefore such allegation is denied.

4.3     In response to the allegations in ¶ 15 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits the Hidalgo County Sheriff's Office was called by the owner of the trailer park to complain about a loud party after COVID curfew and an altercation between women at such park.  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that the altercation between the women was unrelated to the party attended by Jorge Gonzalez, therefore such allegation is denied.  Defendant Hidalgo County admits that three deputies from the Hidalgo County Sheriff's Office arrived at the trailer park  in response to the subject complaints, Deputy Farias, Deputy Cabrera, and Sgt. Trevino.

4.4     In response to the allegations in ¶ 16 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez was asleep, when the deputies arrived

therefore such allegation is denied. Defendant Hidalgo County admits that after the deputies arrived, they found Jorge Gonzalez "passed out," asleep or otherwise unconscious. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez was in the yard of his friend's house, when the deputies arrived therefore such allegation is denied. Defendant Hidalgo County admits that when the deputies learned that Jorge Gonzalez did not live in the trailer park, and Jorge Gonzalez told them he was there drinking with friends, they told him to go to his host's mobile home or to call someone to pick him up and take him home. Defendant Hidalgo County denies that the deputies told Jorge Gonzalez to go home (in his intoxicated condition).

4.5     In response to the allegations in ¶ 17 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez "started to go home," therefore such allegation is denied. Defendant Hidalgo County admits that after the deputies advised Jorge Gonzalez that they were going to arrest him, he turned away from them and began to run. Defendant Hidalgo County admits that the officers decided to arrest Jorge Gonzalez for public intoxication and violation of the Covid Emergency Management Plan curfew. Defendant Hidalgo County admits that these crimes are non-violent misdemeanors and that the charges were ultimately dismissed.

4.6     In response to the allegations in ¶ 18 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that the deputies tackled Jorge Gonzalez. Hidalgo County denies that the deputies assaulted Jorge Gonzalez or that he was pushed to the ground. Hidalgo County admits that Jorge Gonzalez was drive-stun tased several times (taser used without probes) in order to control and detain him when he actively resisted being handcuffed. Defendant

Hidalgo County is without knowledge or information sufficient to form a belief that Jorge Gonzalez was tased with probes, therefore such allegation is denied. Defendant Hidalgo County denies that Jorge Gonzalez "had his neck crushed" during the course of his arrest. Defendant Hidalgo County admits that Jorge Gonzalez was handcuffed and placed in ankle restraints. Defendant Hidalgo County denies that Jorge Gonzalez was intentionally tripped while fully shackled, or that he was tased while fully shackled. Defendant Hidalgo County admits that Jorge Gonzalez was transported directly to the Hidalgo County Adult Detention Center.

4.7   In response to the allegations in ¶ 19 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that the arrest took place on April 12, 2020, at approximately 2:15 a.m. Defendant Hidalgo County admits the remaining allegations in ¶ 19 of Section III of Plaintiffs' Fourth Amended Complaint.

4.8   In response to the allegations in ¶ 20 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that after Jorge Gonzalez's arrest he was transported directly to the Hidalgo County Adult Detention Center. Defendant Hidalgo County admits that Jorge Gonzalez was administered a suicide evaluation questionnaire as part of the Suicide and Medical/Developmental Impairments screening. Jorge Gonzalez responded "No" to the question "Serious injury/hospitalization in last 90 days?" Jorge Gonzalez also responded "No" to the question "Have you ever had a traumatic brain injury, concussion or loss of consciousness?" Detention Officer Marco Guerrero interviewed Jorge Zuniga and recorded his responses on the Suicide and Medical/Developmental Impairments form. Defendant Hidalgo County denies that injuries to Jorge Gonzalez were obvious at the time that Officer Guerrero filled out the form. All remaining allegations in ¶ 20 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.9   In response to the allegations in ¶ 21 of Section III of Plaintiffs' Fourth Amended

Complaint, Defendant Hidalgo County admits that after his arrest and during the transport of Jorge Gonzalez to the Hidalgo County Adult Detention Center, Jorge Gonzalez stated that he was paralyzed more than once. Defendant Hidalgo County denies that during this time Jorge Gonzalez stated that his neck was hurting or that he was "f**ked up." Defendant Hidalgo County admits that during the initial booking process in the early hours of April 12, 2020, Jorge Gonzalez stated "They f**ked me up" or words to that effect in Spanish, several times. Defendant Hidalgo County denies that during the initial booking process in the early hours of April 12, 2020, Jorge Gonzalez stated that his neck was hurting. Defendant Hidalgo County admits that during the initial booking process in the early hours of April 12, 2020, Jorge Gonzalez screamed. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez screamed in pain (or anger), therefore such allegation is denied. Defendant Hidalgo County asserts that most of what Jorge Gonzalez said was mumbled and unintelligible to those present at the time and only after repeatedly listening to the relevant video has it become possible to make out some of what he was saying. All remaining allegations in ¶ 21 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.10  In response to the allegations in ¶ 22 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Jorge Gonzalez was taken to the jail and not taken for medical attention in the early hours of April 12, 2020. Defendant Hidalgo County denies the remainder of the allegations of ¶ 22 of Section III of Plaintiffs' Fourth Amended Complaint.

4.11  In response to the allegations in ¶ 23 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that when Jorge Gonzalez was brought to the jail that he was met by a team of detention officers because it had been determined that he was an intoxicated and uncooperative detainee. Defendant Hidalgo County denies that Jorge Gonzalez

was "drug" next to the booking. Defendant Hidalgo County asserts that Jorge Gonzalez was carried into the pat-down room. Defendant Hidalgo County admits that supervisor Sgt. Cynthia Casanova filmed this process and made the decision to place Jorge Gonzalez in the restraint chair. Defendant Hidalgo County admits that pursuant to Hidalgo County policy, LVN Anita Mancha was called to give "medical clearance" of the restraints after his placement into the restraint chair, to check that the restraints were not so tight as to prevent blood circulation. The remainder of the allegations in this paragraph are denied.

4.12 In response to the allegations in ¶ 24 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that at the time Jorge Gonzalez was placed in the restraint chair he said, "they f**ked me up," or words to that effect in Spanish, on multiple occasions. Defendant Hidalgo County denies that Jorge Gonzalez said that his neck hurt on multiple occasions. Defendant Hidalgo County asserts that most of what Jorge Gonzalez said was mumbled and unintelligible to those present at the time and only after repeatedly listening to the relevant video has it become possible to make out some of what he was saying. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez screamed in pain (or anger), therefore such allegation is denied. Defendant Hidalgo County denies that Jorge Gonzalez made any intelligible pleas for medical care. Defendant Hidalgo County denies that LVN Mancha ignored Jorge Gonzalez's pleas. Defendant Hidalgo County asserts that when LVN Mancha questioned him about his physical condition, he mumbled unintelligible responses. Defendant Hidalgo County admits that at such time LVN Mancha did not seek medical intervention. All remaining allegations in ¶ 24 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.13 In response to the allegations in ¶ 25 of Section III of Plaintiffs' Fourth Amended

Complaint, Defendant Hidalgo County admits that including the time in the booking area and in the shower, Jorge Gonzalez was in the restraint chair for approximately 6 hours. Defendant Hidalgo County denies that Jorge Gonzalez never moved. Defendant Hidalgo County is without knowledge or information sufficient to form a belief that while he was in the restraint chair, Jorge Gonzalez was given aspirin, therefore such allegation is denied. Defendant Hidalgo County asserts that Jorge Gonzalez was given Ibuprofen when he complained of experiencing pain "all over" after he had been showered. All remaining allegations in ¶ 25 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.14  In response to the allegations in ¶ 26 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that Jorge Gonzalez was removed from the restraint chair at approximately 9:00 a.m. Defendant Hidalgo County asserts that Jorge Gonzalez was taken to the showers at approximately 8:35 a.m. Defendant Hidalgo County admits that the spit mask which had been placed on Jorge Gonzalez was dirty and stained at that time. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez had vomited on himself, therefore such allegation is denied. Defendant Hidalgo County admits that while in the process of showering Jorge Gonzalez stated that he was unable to move his legs and that he felt weak. Defendant Hidalgo County admits that at this time, Jorge Gonzalez was unable to stand and was showered in the restraint chair and dressed by the detention officers. Defendant Hidalgo County denies that LVN Mancha was aware of Jorge Gonzalez's condition at this time, because her shift ended at approximately 6:00 a.m. Defendant Hidalgo County admits that after Jorge Gonzalez was released from the restraint chair, he was placed in a detox cell, which is Hidalgo County Sheriff's Office policy for detainees exhibiting signs of alcohol and/or drug intoxication. Defendant Hidalgo County admits that Jorge

Gonzalez remained in the detox cell until approximately 11:00 p.m. on April 12, 2020. The allegation about Hidalgo County policy is denied. All remaining allegations in ¶ 26 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.15  In response to the allegations in ¶ 27 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Jorge Gonzalez was observed every thirty minutes or less, pursuant to the policy of Hidalgo County Sheriff's Office. Defendant Hidalgo County denies the allegation that Jorge Gonzalez was found to be not moving while in the detox cell. Defendant Hidalgo County admits that Jorge Gonzalez did not eat the food that was provided him. Defendant Hidalgo County denies the implied allegation that it is a policy of the Hidalgo County Sheriff's Office that in order to be provided medical care a detainee must request medical attention. Defendant Hidalgo County admits that Jorge Gonzalez never requested medical attention. Defendant Hidalgo County denies that Jorge Gonzalez's injuries were obvious. Defendant Hidalgo County denies that Jorge Gonzalez uttered any intelligible cries for help at the time he was brought into the jail. Defendant Hidalgo County admits that it is the policy of the Hidalgo County Sheriff's Office to require detention officers to observe certain detainees being held in a detox cell or any other cell. Defendant Hidalgo County asserts that the detention officers are required to report any unusual observations to nurses. Defendant Hidalgo County denies the allegation that Jorge Gonzalez was not provided any medical care or sent out for medical evaluation. All remaining allegations in ¶ 27 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.16  In response to the allegations in ¶ 28 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies the implied allegation that no one in the Hidalgo County Adult Detention Center "checked on" Jorge Gonzalez after his booking until 12:11 a.m.

on April 13, 2020. Defendant Hidalgo County asserts that at approximately 11:30 p.m. on April 12th it was realized that the booking process for Jorge Gonzalez had not been completed and detention officers were sent to complete his booking process by photographing and fingerprinting him. Defendant Hidalgo County is without knowledge or information sufficient to understand what Plaintiffs mean by "[h]e was found to be non-responsive," therefore such allegation is denied. All remaining allegations in ¶ 28 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.17 In response to the allegations in ¶ 29 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that Jorge Gonzalez was completely booked into the Hidalgo County Detention Center on April 12, 2020, at 3:07 a.m. Defendant Hidalgo County asserts that the fingerprinting and photographing components of the booking process were completed at approximately 11:40 pm. Defendant Hidalgo County admits that the booking photographs in ¶ 29 of Section III of Plaintiffs' Fourth Amended Complaint were taken during Jorge Gonzalez's booking process. Defendant Hidalgo County asserts that this was at approximately 11:40 p.m. on April 12, 2020. Defendant Hidalgo County is without knowledge or information sufficient to understand what Plaintiffs mean by "[a]t no time prior to this booking was he adequately evaluated by proper medical personnel," therefore such allegation is denied.

4.18 In response to the allegations in ¶30 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that at the time that Jorge Gonzalez's mug shot was taken, he was unable to hold his head up and had to be assisted by detention officers. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that a swollen neck, cuts and contusions were obviously present on Jorge Gonzalez the previous night and for hours before the mug shot was taken, therefore such

allegation is denied. Defendant Hidalgo County denies that jail officials acted with deliberate indifference. Defendant Hidalgo County admits that prior to approximately 11:40 p.m. on April 12, 2020, Jorge Gonzalez had not been sent outside the jail for medical evaluation or treatment. Defendant Hidalgo County admits that Jorge Gonzalez had been transferred to a detox cell after being released from the restraint chair. Defendant Hidalgo County is without information of knowledge to understand what Plaintiffs mean when they state that Jorge Gonzalez was "thrown into the 'drunk tank,' therefore such allegation is denied. Defendant Hidalgo County denies that Jorge Gonzalez was "left alone" during the time he was in the detox cell. Defendant Hidalgo County asserts that various detention officers had conversations with him during this time. All remaining allegations in ¶30 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.19 In response to the allegations in ¶31 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that the Hidalgo County Sheriff's Office called EMS to transport Jorge Zuniga to the hospital at 12:11 a.m. on April 13, 2020. Defendant Hidalgo County asserts that EMS was called at 11:40 p.m. on April 12, 2020. Defendant Hidalgo County denies that anyone at the Hidalgo County Sheriff's Office, "the deputies," and/or the "jail staff" acted with "absolute deliberate and unconscionable indifference" to the medical needs of Jorge Gonzalez. All remaining allegations in ¶31 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

4.20 In response to the allegations in ¶32 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County asserts that while some such statements may be found in the records of the EMS personnel who transported Jorge Gonzalez from the Adult Detention Center, taking such statements out of context may mislead the finder of fact. Accordingly, Defendant Hidalgo County is unable to admit or deny the truthfulness of such statements without

expert medical review of the records. Defendant Hidalgo County denies that any of such alleged injuries were obvious or noted as obvious in the EMS records. Defendant Hidalgo County denies that the EMT medical records note that Jorge Gonzalez was hypothermic at that time.

4.21  In response to the allegations in ¶33 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Jorge Gonzalez was first taken to McAllen Heart Hospital and then to McAllen Medical Center. Defendant Hidalgo County asserts that while the alleged findings may be found in the records of McAllen Medical Center, taking such findings out of context may mislead or misinform the finder of fact. Accordingly, Defendant Hidalgo County is unable to admit or deny the truthfulness of such statements without expert medical review of the records.

4.22  In response to the allegations in ¶34 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County asserts that while the alleged findings may be found in the records of McAllen Medical Center, taking such findings out of context may mislead or misinform the finder of fact. Accordingly, Defendant Hidalgo County is unable to admit or deny the truthfulness of such statements without expert medical review of the records. Further, Defendant Hidalgo County is not required to respond to Plaintiffs' opinion of the definition of any medical terms.

4.24   In response to the allegations in ¶35 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County asserts that while the alleged medical care and findings of medical conditions may be found in the records of McAllen Medical Center, taking such out of context may mislead or misinform the finder of fact. Accordingly, Defendant Hidalgo County is unable to admit or deny the truthfulness of such statements without expert medical review of the records.

4.25    In response to the allegations in ¶36 of Section III of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County asserts that while the alleged medical care and findings of medical conditions may be found in the records of McAllen Medical Center, taking such out of context may mislead or misinform the finder of fact.  Accordingly, Defendant Hidalgo County is unable to admit or deny the truthfulness of such statements without expert medical review of the records.  Further, Defendant Hidalgo County is not required to respond to Plaintiffs' opinion of the definition of such medical terms.

4.26  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶37 of Section III of Plaintiffs' Fourth Amended Complaint, therefore such allegations are denied.

4.27   Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶38 of Section III of Plaintiffs' Fourth Amended Complaint, therefore such allegations are denied.  As to the allegation that Jorge Gonzalez suffered a heart attack on July 8, 2020 and that his cause of death was listed as "acute on chronic respiratory failure" Defendant Hidalgo County asserts that there may be such statements found in the records of Doctors Hospital at Renaissance, but taking such statements out of context may mislead or misinform the finder of fact, and  Defendant Hidalgo County is unable to admit or deny such statements without expert medical review of the records.  Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge Gonzalez's death was the direct consequence of his alleged injuries therefore such allegation is denied.  Defendant Hidalgo County denies that Jorge Gonzalez's death was the direct consequence of any alleged lack of care by Hidalgo County, Anita Mancha, LVN and Elda Rodriguez, LVN, or by other employees of Hidalgo County. All remaining allegations

in ¶38 of Section III of Plaintiffs' Fourth Amended Complaint are denied.

## 5.0 CLAIMS FOR RELIEF (Section IV)

## COUNT I

### 42 U.S.C.S. § 1983
### Fourth Amendment

5.1    Defendant Hidalgo County incorporates by reference the admissions, denials and responses set forth in response to ¶¶14-38 of Plaintiffs' Fourth Amended Complaint as if fully set forth verbatim for any and all purposes of this pleading.

5.2    Defendant Hidalgo County is not required to respond to Plaintiffs' recitation of the law set forth in ¶40 of Section IV of Plaintiffs' Fourth Amended Complaint.

5.3    Defendant Hidalgo County is not required to respond to Plaintiffs' recitation and interpretation of the law set forth in ¶41 of Section IV of Plaintiffs' Fourth Amended Complaint. Except to the extent expressly admitted herein, Defendant Hidalgo County denies the acts and omissions alleged by Plaintiffs.

5.4    In response to the allegations in ¶42 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that Deputies Farias, Cabrera and Sgt. Trevino ("Defendant Deputies") violated Jorge Gonzalez's Fourth Amendment rights. Plaintiff Johana Acuna Acosta, in any capacity, is entitled to recover wrongful death damages herein. Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in ¶42 of Section IV of Plaintiffs' Fourth Amended Complaint. Defendant Hidalgo County denies that the Defendant Deputies used excessive force. Defendant Hidalgo County denies that Jorge Gonzalez posed "no risk of harm to himself or others". Defendant Hidalgo County admits that the Defendant Deputies initiated the arrest of Jorge Gonzalez. Defendant Hidalgo County admits

that a taser was used during the course of resisting arrest by Jorge Gonzalez. Defendant Hidalgo County denies that the Defendant Deputies used physical violence sufficient to crush Jorge Gonzalez's neck and render him paralyzed. Defendant Hidalgo County denies that the Defendant Deputies exhibited deliberate indifference to Jorge Gonzalez's medical needs. Defendant Hidalgo County admits that the Defendant Deputies did not provide Jorge Gonzalez "medical care" while he was in their custody. Defendant Hidalgo County denies that Jorge Gonzalez exhibited "an obvious need for medical attention and distress." Defendant Hidalgo County admits that the Defendant Deputies had knowledge of the force they used in connection with the arrest of Jorge Gonzalez and assert that they used the minimum amount of force required to accomplish his arrest because of the precipitous, repetitive, and forceful attempts to avoid and resist arrest by Jorge Gonzalez. Accordingly, Defendant Hidalgo County denies that "[t]here was no need to use force". Defendant Hidalgo County denies that the force used by Defendant Deputies in connection with the arrest of Jorge Gonzalez "created obvious injuries giving rise to a substantial risk of serious harm," and instead assert that any injuries sustained by Jorge Gonzalez resulted from and were caused by his own actions in resisting arrest. Defendant Hidalgo County admits that the Defendant Deputies did not provide medical aid to Jorge Gonzalez and did not take him to be medically evaluated outside the jail. Defendant Hidalgo County admits that the Defendant Deputies took Jorge Gonzalez to the Hidalgo County Adult Detention Center. Defendant Hidalgo County denies that any alleged failure on the part of the Defendant Deputies amounts to a deliberate indifference to provide medical care. Hidalgo County asserts that the Deputies held a good faith and reasonable belief that Jorge Gonzalez was not seriously injured during his arrest, and that his outcry to the contrary only after he was secured into the back of the patrol vehicle was disingenuous and untrue.

5.5    In response to the allegations in ¶43 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that the actions of the jail staff, including Defendant Marco Guerrero, LVN Mancha and LVN Rodriguez violated the rights of Jorge Gonzalez under the Fourth Amendment.  Defendant Hidalgo County denies that LVN Rodriguez was present at the Adult Detention Center during the initial part of Jorge Gonzalez's booking process. Defendant Hidalgo County denies that Jorge Gonzalez had physical injuries that were obvious to the subject jail staff at the time of the initial part of his booking process, therefore Defendant Hidalgo County denies that anyone ignored allegedly "obvious physical injuries". Defendant Hidalgo County asserts that nursing staff attempted to evaluate Jorge Gonzalez during the initial booking process, but that his responses were mumbled and unintelligible.  Defendant Hidalgo County admits Jorge Gonzalez was administered a suicide evaluation questionnaire as part of the Suicide and Medical/Developmental Impairments screening. Defendant Hidalgo County asserts that Jorge Gonzalez responded "No" to the question "Serious injury/hospitalization in last 90 days?" Jorge Gonzalez also responded "No" to the question "Have you *ever* had a traumatic brain injury, concussion or loss of consciousness (emphasis added)?" All remaining allegations in ¶43 of Section IV of Plaintiffs' Fourth Amended Complaint are denied.

5.6    Defendant Hidalgo County denies all allegations contained in ¶44 of Section IV of Plaintiffs' Fourth Amended Complaint.

## COUNT II

**42 U.S.C.S. § 1983**
**Fourteenth Amendment**

5.7    Defendant Hidalgo County incorporates by reference the admissions, denials and responses set forth in response to ¶¶13-44 of Plaintiffs' Fourth Amended Complaint as if fully set

forth verbatim for any and all purposes of this pleading.

5.8    Defendant Hidalgo County is not required to respond to Plaintiffs' recitation of the law set forth in ¶46 of Section IV of Plaintiffs' Fourth Amended Complaint.

5.9    Defendant Hidalgo County is not required to respond to Plaintiffs' recitation and interpretation of the law set forth in ¶47 of Section IV of Plaintiffs' Fourth Amended Complaint. Except to the extent expressly admitted herein, Defendant Hidalgo County denies the acts and omissions alleged by Plaintiffs.

5.10    In response to the allegations in ¶48 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that Defendants violated Jorge Gonzalez's Fourteenth Amendment rights.  Defendant Hidalgo County denies that its Sheriff's Deputies used excessive force during the arrest of Jorge Gonzalez.  Defendant Hidalgo County denies that its Sheriff's Deputies caused the injuries Plaintiffs allege.   Defendant Hidalgo County admits that after Jorge Gonzalez was arrested, he was under the control and custody of the Defendant Deputies.  Defendant Hidalgo County admits that Jorge Gonzalez was handcuffed and shackled and placed in a patrol car against his will after he was arrested.  Defendant Hidalgo County is not required to respond to Plaintiffs' recitation and interpretation of law.  Defendant Hidalgo County reiterates, as if fully set forth in this paragraph, its denials and responses to all allegations referred to by Plaintiffs when they generally refer to "acts, omissions and continued course of conduct set forth above, describing how Jorge Gonzalez was denied adequate medical health care." Defendant Hidalgo County denies that Jorge Gonzalez was denied adequate medical care. Defendant Hidalgo County denies that Defendant Deputies Farias, Cabrera and Sgt. Trevino used excessive force, excessive tasing and physical violence on Jorge Gonzalez.  Hidalgo County asserts that only the minimum amount of force required to effect the arrest was used.   Defendant

Hidalgo County denies that Defendant Deputies Farias, Cabrera, Sgt. Trevino and Detention Officer Marco Guerrero showed deliberate indifference to the medical needs of Jorge Gonzalez. Defendant Hidalgo County denies that Defendant Deputies Farias, Cabrera, Sgt. Trevino, and Detention Officer Marco Guerrero had knowledge of any substantial risk of harm to Jorge Gonzalez. Defendant Hidalgo County denies that Jorge Gonzalez had obvious injuries prior to his being photographed at approximately 11:40 p.m. on April 12, 2020. Defendant Hidalgo County is without knowledge or information sufficient to form a belief as to the truth of the allegations that any injuries allegedly caused by its Deputy Sheriffs led to the paralysis and death of Jorge Gonzalez, therefore such allegations are denied. Defendant Hidalgo County denies that Defendant Deputies Farias, Cabrera, Sgt. Trevino, and Detention Officer Marco Guerrero had subjective knowledge of any serious medical needs of Jorge Gonzalez or that he was under distress because of any alleged injuries. Defendant Hidalgo County denies that Defendant Deputies Farias, Cabrera, and Sgt. Trevino understood that harm would come to Jorge Gonzalez related to any alleged medical needs. Defendant Hidalgo County denies that Defendant Deputies Farias and Sgt. Trevino transported Jorge Gonzalez to the jail. Defendant Hidalgo County admits that Defendant Deputy Cabrera transported Jorge Gonzalez to the jail without taking him for outside medical evaluation. Defendant Hidalgo County denies that Defendant Deputies Farias, Cabrera, Sgt. Trevino, and Detention Officer Marco Guerrero acted with deliberate indifference.

5.11 Defendant is not required to admit or deny Plaintiffs' statements of law or interpretation of law contained in ¶49 of Section IV of Plaintiffs' Fourth Amended Complaint. All remaining allegations in 49 of Section IV of Plaintiffs' Fourth Amended Complaint are denied.

5.12 Defendant Hidalgo County denies the allegations in ¶50 of Section IV of Plaintiffs'

Fourth Amended Complaint.

## COUNT III

### LVNS

5.13  Defendant Hidalgo County incorporates by reference the admissions, denials and responses set forth in response to ¶¶13-34 of Plaintiffs' Fourth Amended Complaint as if fully set forth verbatim for any and all purposes of this pleading.

5.14  In response to the allegations in ¶52 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Defendant LVNs Mancha and Rodriguez were employees of Hidalgo County at the time of the incident. Defendant Hidalgo County admits that LVNS Mancha and Rodriguez were present and provided nursing care at certain times during the detention of Jorge Gonzalez. Defendant Hidalgo County denies that it is its policy to have LVNs present as jail staff without the presence of a registered nurse or physician. Defendant Hidalgo County denies that sometimes only one nurse was present on shift to provide nursing care and evaluation to hundreds of inmates. Defendant Hidalgo County admits that Hidalgo County LVNs evaluate inmates placed in restraint chairs and respond according to standing orders to the medical needs of inmates. Defendant Hidalgo County denies that the same nurses on each shift were responsible for both the evaluation of inmates placed in restraint chairs and to respond to all medical needs of inmates. Defendant Hidalgo County asserts that on each shift different nurses were assigned different responsibilities. Any remaining allegations contained in ¶52 of Section IV of Plaintiffs' Fourth Amended Complaint are denied.

5.15  In response to the allegations in ¶53 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Defendant Mancha performed a brief evaluation of Jorge Gonzalez after he was placed in the restraint chair. Defendant Hidalgo County

asserts that Defendant Mancha attempted to perform a more extensive evaluation but was unable to obtain intelligible and understandable answers from him when she questioned him. Defendant Hidalgo County admits that Defendant Rodriguez did not send Jorge Gonzalez for outside medical evaluation. Defendant Hidalgo County admits that neither Defendant Mancha nor Defendant Rodriguez personally checked on Jorge Gonzalez in the detox cell. Defendant Hidalgo County asserts that Defendants Mancha and Rodriguez relied on the detention officers to perform 30-minute checks on Jorge Gonzalez while he was in the detox cell. The remaining allegations contained in ¶53 of Section IV of Plaintiffs' Fourth Amended Complaint are denied.

5.16  In response to the allegations in ¶54 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County is not required to respond to Plaintiffs' recitation of and interpretation of law. The remaining allegations contained in ¶54 of Section IV of Plaintiffs' Fourth Amended Complaint are denied.

## COUNT IV

## HIDALGO COUNTY

5.17  Defendant Hidalgo County incorporates by reference the admissions, denials and responses set forth in response to ¶¶13-44 of Plaintiffs' Fourth Amended Complaint as if fully set forth verbatim for any and all purposes of this pleading.

5.18  In response to the allegations in ¶56 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that at all times all individual defendants were acting in strict accordance with the policies and procedures of the Hidalgo County Sheriff's Office. Defendant Hidalgo County denies that Sheriff J.E. "Eddie" Guerra is the highest-ranking policy maker in Hidalgo County. Defendant Hidalgo County admits that Sheriff J.E. "Eddie" Guerra makes the policies of the Hidalgo County Sheriff's Office. Defendant Hidalgo County

denies that the policies and practices of the Hidalgo County Sheriff's Office violated the constitutional rights of Jorge Gonzalez or violate the constitutional rights of individuals in similar circumstances. Defendant Hidalgo County demies that the policies and practices of the Hidalgo County Sheriff's Office invite the use of excessive force against persons being arrested or the deliberate indifference to the medical needs of persons in custody, including Jorge Gonzalez. Defendant Hidalgo County denies generally that all practices of its employees were accepted practices of the department or were ratified by those in policymaking position.

5.19  Defendant Hidalgo County denies the allegations in ¶57 of Section IV of Plaintiffs' Fourth Amended Complaint.

5.20  In response to the allegations in ¶58 of Section IV of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies that its policies and practices were in violation of the constitutional rights of inmates in the Hidalgo County jail. Defendant Hidalgo County denies that all of the alleged listed policies and practices were established or ratified by the highest-ranking policy maker for the jail. Defendant Hidalgo County denies that any of its policies and practices led to the alleged injuries and/or the death of Jorge Gonzalez.

## 6.0 DAMAGES (Section V)

6.1      Defendant Hidalgo County incorporates by reference the admissions, denials and responses set forth in response to ¶¶13-58 of Plaintiffs' Fourth Amended Complaint as if fully set forth verbatim for any and all purposes of this pleading.

6.2      In response to the allegations in ¶60 of Section V of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County admits that Plaintiffs have alleged they are statutory beneficiaries and/or a representative of the estate of Jorge Gonzalez and that they bring suit for damages allegedly suffered and sustained by Jorge Gonzalez pursuant to the cited sections of the

Texas Civil Practice and Remedies Code. Any remaining allegations contained in ¶60 of Section V of Plaintiffs' Fourth Amended Complaint are denied.

6.3     In response to the allegations in ¶61 of Section V of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies any unlawful conduct and denies that Plaintiffs are entitled to the relief they seek.

6.4     In response to the allegations in ¶62 of Section V of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies any unlawful conduct and denies that Plaintiffs are entitled to the relief they seek.

6.5     In response to the allegations in ¶63 of Section V of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies any unlawful conduct and denies that Plaintiffs are entitled to the relief they seek.

## 7.0 ATTORNEYS FEES (Section VI)

7.1     In response to the allegations in ¶64 of Section VI of Plaintiffs' Fourth Amended Complaint, Defendant Hidalgo County denies any unlawful conduct and denies that Plaintiffs are entitled to the relief they seek.

## 8.0 PRAYER (Section VII)

8.1     Defendant Hidalgo County denies that Plaintiffs are entitled to the relief they request. Defendant Hidalgo County further denies any allegations against it in Plaintiffs' Fourth Amended Complaint not specifically admitted or otherwise controverted.

## 9.0 DEFENSES

9.1     Defendant Hidalgo County would show that there has been no violation of Jorge Gonzalez's constitutional rights.

9.2     Defendant Hidalgo County would further show that there has been no violation of

Jorge Gonzalez's Fourth or Fourteenth Amendment rights.

9.3     Any injury, loss or damages sustained by the Plaintiffs at the time and place, and on the occasion, mentioned in Plaintiffs' Fourth Amended Complaint were caused in whole or in part, or contributed to, by the negligence or fault of Jorge Gonzalez Zuniga, and not by any intentional acts, negligence or fault or want of care on the part of this Defendant. Defendant Hidalgo County invokes the Doctrine of Comparative Responsibility.

9.4     In addition, or in the alternative, Defendant Hidalgo County would show that Jorge Gonzalez's alleged injuries and Plaintiffs' damages were caused, in whole or in part, or contributed to, by the intentional acts, negligence, fault or want of care of parties, persons, or instrumentalities over whom this Defendant exercised no control and for whose acts this Defendant is not under the law responsible.

9.5     All statutory damage caps available under the causes of action sued for are claimed.

9.6     Defendant Hidalgo County would show that the alleged damages sustained by Plaintiffs, if any, were the result of Plaintiffs' failure to mitigate their damages.

9.7     Exemplary damages are not recoverable against a governmental entity.

9.8     Plaintiffs are not entitled to attorneys' fees because Plaintiffs are not prevailing parties and Defendant herein is entitled to their attorneys' fees under 42 U.S.C. § 1988.

**10.0 JURY DEMAND**

10.1    Defendant Hidalgo County hereby requests a trial by jury.

**11.0 RESERVATIONS**

11.1    Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendant Hidalgo County reserves the right to file any and all amended answers, cross-actions, third-party actions,

counterclaims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendant may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant Hidalgo County prays that upon final trial and hearing hereof, Plaintiffs take nothing by their suit, that Defendant Hidalgo County recover all costs incurred herein, including its attorneys' fees under 42 USC § 1988, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Preston Henrichson*

**PRESTON EDWARD HENRICHSON**
**Texas Bar No. 09477000**
**Federal I.D. # 1922**
**HENRICHSON LAW PLLC**
**222 West Cano**
**Edinburg, TX 78539**
**Telephone:    (956) 383-3535**
**Facsimile:    (956) 383-3585**
**preston@henrichsonlaw.com &**
**sian@henrichsonlaw.com**
**ATTORNEY IN CHARGE FOR DEFENDANT HIDALGO COUNTY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 31st day of August, 2022, a true and correct copy of the above and foregoing originally filed and served in its unredacted form on 29th day of April 2022 was forwarded via Certified Mail, Return Receipt Requested, via first class mail, or via e-mail to all counsel of record.

*/s/ Preston Henrichson*

_____
For the Firm

VIA E-SERVICE:

THOMAS J. HENRY
ROBERT P. WILSON
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX 78401
Rwilson-svc@thomasjhenrylaw.com

ALEJANDRO GUERRA
1510 North 10th Street, Suite A
McAllen, TX 78501
Alexguerra.law@gmail.com

DAVID WILLIS
DAVID WILLIS, PC
1534 East 6th Street, Suite 201
Brownsville, TX 78520
dwillis@DavidWillisPC.com

MARISSA CARRANZA HERNÁNDEZ
MACH Attorney at Law, PLLC
104 West Polk
Pharr, TX 78577
marissa@machattorney.com

RAYMOND L. THOMAS
RAY THOMAS, PC
4900-B North 10th Street
McAllen, TX 78504
rthomas@raythomaspc.com

MICHAEL A. McGURK
WALSH McGURK CORDOVA NIXON, PC
1506 Lone Star Way, Ste. 10
Edinburg, TX 78539

mmcgurk@wmcnlaw.com

LARA M. PRICE
GEORGE P. PAPPAS
SHEEHY WARE PAPPAS GRUBB
909 Fannin Street, Suite 2500
Houston, TX 77010
lprice@sheehyware.com
gpappas@sheehyware.com